**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| KEITH SHANNON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. EP-23-CV-384-KC |
| § | |
| OMNI LOGISTICS LLC, § | |
| § | |
| Defendant. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the Court considered Plaintiff's Motion to Proceed in Forma Pauperis ("Motion"), ECF No. 1. The Motion was referred to United States Magistrate Judge Miguel A. Torres for recommended disposition, pursuant to Western District of Texas Local Rules Appendix C Rule 1(d)(1). *See* Oct. 17, 2023, Text Order. On October 18, 2023, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 3, recommending that the Court deny the Motion. Specifically, the R&R found that although Plaintiff is unemployed, incurs around $900 in monthly expenses, and has $17,000 and $20,000 of debt, Plaintiff also has approximately $20,000 in savings and thus "has not shown that payment of the $402 filing fee would cause him undue financial hardship." R&R 2 & n.3.

On November 20, 2023, Plaintiff timely filed an Objection, ECF No. 9. Plaintiff objects to the R&R's conclusion that he does not qualify as "indigent," arguing that "the $402 filing fee, other filing costs, and discovery costs sooner rather than later will force him to choose between filing a document or paying his life expenses." Obj. 1. Plaintiff further argues that the R&R did not account for his outstanding debts, which include "student loans over $17,000" and "medical bills over $22,000." *Id.* Plaintiff submitted two documents as proof that he owes debts in those

amounts.  Obj. Ex. A, ECF No. 9-1; Obj. Ex. B, ECF No. 9-2.

When reviewing portions of a report and recommendation the parties did not object to, courts apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  However, federal district courts conduct de novo review of those portions of a report and recommendation to which a party has objected.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . .").

Plaintiffs are only permitted to proceed in forma pauperis ("IFP") if they "lack the financial resources to pay any part of the filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  Yet "[p]overty sufficient to qualify for IFP status does not require absolute destitution." *Ayers v. Tex. Dep't of Crim. Just.*, 70 F.3d 1268, 1268 (5th Cir. 1995) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  Thus, a court considering an IFP motion should consider "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Id.*  In deciding if the payment of filing fees would provide an undue hardship, a court should consider "the financial condition of the [IFP movant]" and factor in any demands on the movant's financial resources.  *Prows*, 842 F.2d at 140.  A court has broad discretion over whether to grant an IFP motion and can even order "a person to pay partial filing fees when the financial data suggests that the person may do so without suffering undue financial hardship." *Id.*

Here, Plaintiff argues he is "indigent" because he currently has "no income."  Obj. 1.  But IFP eligibility does not hinge on whether a plaintiff is employed at a given moment in time.  *See Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quoting *Roberts v. I-T-E Circuit Breaker Co.*, 316 F. Supp. 133, 134 (D. Minn. 1970)).  Rather, it turns on whether

payment of the filing fees would impose an undue hardship on Plaintiff, given his current financial condition.  *See Prows*, 842 F.2d at 140.  Although Plaintiff is currently unemployed, he has not shown that he is incapable of earning income in the future.  *See Roberts*, 316 F. Supp. at 134 ("[T]he court should consider an [IFP movant's] earning capacity and ability, even though at the moment [movant] may not be employed and thus may have no current earnings.").

Plaintiff also argues that his student debt and medical debts are pertinent to whether his IFP motion should be granted.  Obj. 1.  Plaintiff has not, however, advised the Court of the extent to which those debts impact his current financial condition.  *See* R&R 1 & n.3.  The only information Plaintiff has provided regarding these debts is that (1) as of January 2023, he had student "loans in the amount of $17,000," Obj. Ex. A 1, and (2) as of July 2022, Plaintiff owed $21,584.95 in medical expenses—but this amount was adjusted down to a total of $1,136.05, Obj. Ex. B 1.  Plaintiff has not provided any information about his current medical debts, nor any information about how much he currently pays for his debts.  Overall, Plaintiff has not provided enough information for the Court to determine whether payments for his medical or student debts will prevent him from paying the filing fees.

For these reasons, the Court finds Plaintiff has not shown that payment of filing fees would impose an undue hardship on him.  Accordingly, the Court **ADOPTS** the R&R, ECF No. 3, in its entirety and **DENIES** Plaintiff's IFP Motion, ECF No. 1.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $402 filing fee **no later than thirty days after Plaintiff receives this Order**.  The Complaint, ECF No. 1-1, shall not be docketed until such payment is received.

**SO ORDERED.**

**SIGNED this 22nd day of November, 2023.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE