UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KEITH SHANNON, § | | |
| § | | |
| *Plaintiff*, § | | |
| v. § | NO.  EP-23-CV-00384-KC-MAT | |
| § | | |
| OMNI LOGISTICS LLC, § | | |
| § | | |
| *Defendant*. § | | |
| § | | |

## ORDER DENYING MOTION TO COMPEL PRODUCTION

Before the Court is *pro se* Plaintiff Keith Shannon's "Motion to Compel Production and Motion to Determine Sufficiency of Defendant's Response to Plaintiff's Request for Production" ("Motion") (ECF No. 122), filed on June 2, 2025. United States District Judge Kathleen Cardone referred the motion to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. For the reasons below, Plaintiff's Motion is **DENIED**.

### I.     BACKGROUND

Plaintiff was employed as a material handler by Omni Logistics from September 21, 2017, until October 29, 2020. Pl.'s Amended. Compl. ECF No. 13. He alleges that he suffered discrimination, retaliation, a hostile work environment, breach of duty, and assault because of his race. *Id.*

Plaintiff's first interrogatories and set of requests for production ("RFPs") were the subject of another motion to compel (ECF No. 47) and has already been addressed by the Court. *See* Mem. Op. & Order, ECF No. 67.  Omni responded to those interrogatories on February 5 and supplemented the same on February 12. ECF No. 66; ECF No. 125 at 14.

On March 31, 2025, Plaintiff filed a Motion for Default Judgment, ECF No. 91, and his First Amended Motion for Default Judgment, ECF No. 98. In ECF No. 112, the Court interpreted and denied the motions as motions to compel discovery and sanctions under Federal Rule of Civil Procedure 37. In ECF No. 112, the Court allowed Shannon to refile as a Motion to Compel in compliance with the Federal Rules of Civil Procedure, Local Rules, and conditions set by the Court.

On May 19, 2025, the parties had their only meaningful conferral regarding the instant motion via teleconference. In that thirty-nine-minute phone call, Plaintiff went over every one of his discovery requests and the outstanding issues he raised in his May 14, 2025, email. ECF No. 125 at 2; ECF No. 122-1 at 16. Defendants' counsel explained their position on some of the outstanding issues, but informed Plaintiff that they would need to confer with Defendant before determining Defendant's position on a revised discovery request. ECF No. 125 at 2. Defendant's counsel indicated in that call that "the parties should speak on the upcoming Friday, May 23." *Id*. Plaintiff notes that from that call, Defendant's counsel Caitlin Hilton would "submit to Omni a letter will be mailed to me with their response May 23, 2020. [sic]" ECF No. 122-1 at 16.

The next day, May 20, 2025, Plaintiff emailed Defendant's counsel the following:

> I have a duty to confer with Omni's representative regarding a filing i intend to make today. Today will be our only opportunity to confer before the document is filed, so to mitigate any surprise associated with this contact I will call you today at 2:20 pm mountain time, about 6 hours 15 minutes from now to discuss the filing. If the suggested time is inconvenient, please call me at your convenience.

ECF No. 125 at 2; ECF 125-2 at 16.

While Plaintiff does not mention the planned May 23, 2025, discussion in his Motion, it is noted in his Exhibit 3. ECF No. 122-1 at 17. Plaintiff conveys that "[f]or 11 am Friday may 23,

2

2025 a conference call was scheduled to discuss Omni's position on the matters i raised during the may 19, 2025 call." *Id.* On May 23, 2025, Plaintiff called Defendants' counsel to discuss outstanding discovery issues and left a voicemail. ECF No. 125 at 2-3; ECF No. 122 at 17. Defendant's counsel called Plaintiff back, left a voicemail and sent a follow up email informing Plaintiff that their offices would be closed on Monday, May 26, 2025, in observance of Memorial Day. ECF No. 125 at 3.

On May 23, 2025, Plaintiff writes he "missed Caitlin's call at 10:55 am . . . responded that day to an email from Caitlin stating a voice message had been left, I suggested she call me at 0830 on 5/27/2025." ECF No. 122-1 at 17. Plaintiff continues that Defendant's counsel's voicemail "stated for me to call her at my earliest convenience starting 5/27/2025. I thought i had called; and that the call was unanswered, until i reviewed my call records on 5/29/2025." *Id.*

On May 27, 2025, Plaintiff attempted to contact Defendant's counsel and left a voicemail. ECF No. 125 at 3. After receiving the voicemail, Defendant's counsel responded to Plaintiff's May 23, 2025, email notifying him that Defendant's counsel needed to discuss his Motion for Leave (ECF No. 117) with Defendant before any further conferrals so that Defendant's position would be accurately represented. *Id.* In that email, Defendant's counsel suggested May 29, 2025, for discussion. *Id.* Plaintiff did not respond and on May 30, 2025, left Defendant's counsel a voicemail apologizing for not calling sooner and notifying counsel that he was calling for conferral purposes. *Id.* In response, Defendant's counsel sent an email notifying Plaintiff that counsel was unavailable for a conferral and notifying Plaintiff that they would require more time to address any of Plaintiff's suggestions. *Id.* Plaintiff did not respond and thereafter, Shannon filed the instant Motion to compel Defendant to produce responses to perceived outstanding discovery requests. *Id.* at 4.

3

The Court set a hearing on the instant Motion for November 6, 2025. ECF No. 134. Plaintiff did not appear at the hearing and advised the Court two hours prior to the hearing that he would not be attending the hearing.[1]

## II.   LEGAL STANDARD

*Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction, including all reasonable inferences that can derived from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). That said, "a *pro se* party is in no way exempted from compliance with the relevant rules of procedure and substantive law." *Kaswatuka v. United States Dep't of Homeland Security*, 7 F.4th 327, 331 (5th Cir. 2021) (quoting *Quevedo v. Army & Air Force Exch. Serv.*, 234 F.3d 29, 2000 WL 1568186, at *1 (5th Cir. 2000) (per curiam)).

### a. Motion to Compel

A party may serve a request for production "within the scope of Rule 26(b), which is any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Doe 1 v. Baylor Univ.*, 6:16-CV-173-RP, 2019 WL 13253868, at *2 n.2 (W.D. Tex. July 1, 2019) (quoting Fed. R. Civ. P. 26(b)(1); 34(a)). The discovery request must account for "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Fed. R. Civ. P. 34(b)(2)(E) provides that "[u]nless otherwise stipulated or ordered by the court, these procedures apply to producing

---

[1] Plaintiff was ordered to show cause for his absence by November 19, 2025. ECF No. 139.

documents or electronically stored information [("ESI")]: (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

While broad, "Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). The court may decline to compel, and at its option, may limit the extent of discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii); *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly."). If "a party fails to produce documents or fails to respond . . . as requested under Rule 34," the requesting party may move to compel production. Fed. R. Civ. P. 37(a)(3)(B)(iv).

"Once the party seeking discovery establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Allen v. Priority Energy Servs., L.L.C.*, No. MO16CV00047DAEDC, 2017 WL 7789280, at *1 (W.D. Tex. Jan. 30, 2017) (citing *Exp. Worldwide, Ltd. V. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). First, "the burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence." *Exp. Worldwide*, 241 F.R.D. at 263. Then, the party resisting discovery must "show specifically how each discovery request is not relevant or otherwise objectionable." *Patterson v. Defense POW/MIA Accounting Agency*, 343 F. Supp. 3d 637, 655 (W.D. Tex. 2018) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("[E]ven if some of the law firm's requests

for production were irrelevant, [the party resisting discovery] must have a valid objection to each one in order to escape the production requirement.")). Conclusory objections such as "overly broad, burdensome, and oppressive" are not adequate to voice a successful objection. *McLeod, Alexander, Powel & Apffel, P.C.*, 894 F.2d at 1485.

Federal Rule of Civil Procedure 37(a)(1) requires a party moving for an order compelling disclosure or discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**b. Spoliation**

"[S]anctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *EEOC v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). The party seeking the spoliation sanction bears the burden of proof. *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 799 (N.D. Tex. 2011) (internal quotation marks omitted). "Spoliation of evidence is the destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (quotation marks and citations omitted). Courts permit an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of bad faith or bad conduct." *Id.* "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Id.*

Generally, a "party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (citing *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). This duty encompasses electronically stored information ("ESI"). *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No.

6

3:19-cv-2025-K-BN, 2023 WL2699511 at *17 (N.D. Tex. Feb. 15, 2023) (quoting *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 930 (N.D. Ill. 2021)).

A party seeking a sanction based on spoliation of evidence "must establish that: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense, such that the spoliation resulted in prejudice to the innocent party. *Rinkus Consulting Group*, 688 F. Supp. 2d at 615-16. *Cornejo v. EMJB, Inc.,* No. SA-19-CV-01265-ESC, 2021 WL 4526703, at *2 (W.D. Tex. Oct. 4, 2021) (citing *Zubulake v. UBS Warburg LLC* (Zubulake IV), 220 F.R.D. 212, 220 (S.D.N.Y. 2003).

Federal Rule of Civil Procedure 37(e), covering the failure to preserve ESI, is based on the common-law duty of reasonable foreseeability, and does not attempt to create a new duty to preserve. To apply Federal Rule of Civil Procedure 37(e), a court must determine that the following four predicate elements exist: (1) there is electronically stored information (ESI) that should have been preserved; (2) that ESI has been lost; (3) the ESI was lost because of a party's failure to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced." *Cervini v. Cisneros*, No. 1:21-CV-00565-RP, 2024 WL 1725011, at *2 (W.D. Tex. Mar. 21, 2024).

### III.   ANALYSIS

Below the Court takes each remaining discovery dispute in turn. The Court notes that many of the original requests from the Plaintiff's First Motion to Compel have been narrowed and specified after conferral between the parties on May 19, 2025. *See* ECF No. 125 at 2; ECF No. 122-1 at 16.

a. **Motion to Compel Production**

### i. Request for Production 1

Through Request for Production ("RFP") No. 1, Plaintiff sought the production of "[a]ll video recordings and accompanying audio recordings of the premises, activity thereon, product and people at the defendant's places of business in El Paso, TX including but not limited to: 7 Founders Boulevard Suite 200 El Paso, Texas 79906 and 9 Founders Boulevard El Paso, Texas 906. The date range to produce: September 1, 2017 to December 31, 2022." ECF No. 122 at 3; ECF No. 122-1 at 7. However, as of the parties' May 19, 2025, conferral, the request was narrowed to "'all video footage' of [Defendant's] employment from the last three months he was employed with Omni, as well as two specific incidents." ECF No. 125 at 8.

Plaintiff argues that RFP No. 1 would have supported his claim that he "was held to a higher standard of production by supervisors regardless of his assigned department, who pushed him to work faster while his coworkers were allowed to take excessive breaks that were not questioned." ECF No. 122 at 6. He further argues that RFP No. 1 would demonstrate that "[t]he disciplinary notice [he] received from Mellie Madrid-Lespron of Human Resources in response to the incident involving Felipe Moreno Sr. about August 21, 2019 would be unjustified because Felipe Moreno Sr's claim that he told [Plaintiff] to get to work would seem dubious when compared to video of [Plaintiff] working diligently." *Id.* at 6-7. He further argues that his transfer "to the Foxconn Department resulting from the incident would appear more retaliatory and pretextual than it already does, [and] that the video recordings of the day-to-day activity within the department would dispatch any business necessity argument in support of transferring [Plaintiff] from the Northbound Cross dock." *Id.* at 7. He claims that the RFP would also show that Plaintiff "while assigned to the Foxconn Department, was on a daily basis assigned to tasks from another department or sent to work in another department while his similarly situated coworkers were not."

*Id.* Finally, he argues that RFP No. 1 would "provide visual confirmation if not strong unbiased support for [Plaintiff's] account of events related to his claims of : Wrongful Termination (Promissory Estoppel), Harassment, Racial Discrimination, Retaliation and contradicted Omni's characterization of [Plaintiff] in its documents." *Id.*

Defendant responds that this RFP is overly broad and not narrowly tailored to any complaint made in Plaintiff's complaint. ECF No. 125 at 8. Defendant argues that their "repository for security footage is 90 days. Plaintiff was terminated on October 20, 2020. Plaintiff's original EEOC charge was not filed until Friday, March 5, 2021. The present complaint was not served on Defendant until June 18, 2024. Defendant was not noticed of a litigation hold for any security footage prior to its routine expiration of 90 days." *Id.* at 8-9. Therefore, Defendant's duty to preserve evidence did not begin until March 5, 2021; that is when Defendant was first on notice of this litigation. *See Castro v. Wal-Mart Real Estate Business Trust*, 645 F. Supp. 3d 638, 646 (W.D. Tex. 2022) (quoting *Zubulake*, 220 F.R.D. at 216); *see also Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). Following their usual course of business Defendant's security footage from October 20, 2020, Plaintiff's last day of employment, would have been deleted on January 18, 2021, months before Plaintiff filed his EEOC charge.

Defendant further argues that "[a]ny video footage available concerning Plaintiff's complaints or responsive to Plaintiff's discovery requests has been identified through retained emails where the video was saved and attached to the email at the time of its occurrence. The one video available to Defendant was served on Plaintiff in its supplemental discovery response." ECF No. 125 at 9.

Here, Plaintiff meets its burden of demonstrating that the requested evidence is relevant. Still, Defendant properly rebuts that the request for this video evidence is unduly burdensome as

9

it would be impossible for Defendant to produce the requested evidence. *Id.* at 8-9. Defendant also indicates it has provided responsive evidence as requested by Plaintiff when it had been preserved via email. *Id.* at 9. The Motion is therefore **DENIED** as to RFP No. 1.

### ii. Request for Production 2

Through RFP No. 2, Plaintiff sought the production of "All documents filed with any State of Texas or Federal government agency, wherein the number of employees or payroll was used an element of calculation, in order to claim or qualify the defendant for any benefit or classification, date range to produce: January 1, 2019 – December 31, 2022." *Id.* at 8. As of the parties' May 19, 2025, conferral, the request was narrowed to "'all communications' between the TX Workforce Commission and Omni Logistics concerning his termination. Mr. Shannon alleges that Omni told or held out to TWC that he was working for them again, and therefore they denied his unemployment claim." *Id.*

Defendant objected for "various reasons, including that this request has no relevance to the claims or defenses in this litigation. Further, the request is ambiguous and vague as phrased. To the extent Defendant is compelled to respond, Defendant will supplement its discovery responses to confirm that no such documentation exists." *Id.*

Here, Plaintiff fails to demonstrate that RFP No. 2 is within the scope of permissible discovery. Plaintiff does not explain how RFP No. 2 is relevant or proportional to the needs of the case under Federal Rule of Civil Procedure 26. The Motion is therefore **DENIED** as to RFP No. 2.

### iii. Request for Production 4

Through RFP No. 4, Plaintiff seeks the production of "All documents, data, reports, and charts used to track or measure the productivity and efficiency of personnel and individual

10

departments, date range to produce: September 1, 2017 – December 31, 2022." ECF No. 125 at 8. At the parties' May 19, 2025 conferral, "Plaintiff stated he sought 'All documents' showing his coworkers' productivity, but did not provide names of any coworkers." *Id.* "Defendant's Counsel articulated that 'all business records'— particularly for a 5-year period not tailored to the claims or defenses in this litigation, including dates preceding Plaintiff's employment with Defendant— is not narrowly tailored enough to the scope of his complaint. Defendant stands by its original objection in its discovery responses absent an amendment to the request." *Id.*

Here, Plaintiff fails to demonstrate that RFP No. 4 is within the scope of permissible discovery. Plaintiff does not explain how RFP No. 4 is relevant or proportional to the needs of the case under Federal Rule of Civil Procedure 26. In an employment discrimination case, to show discrimination through disparate treatment as Plaintiff alleges a plaintiff must "identify [] comparators and 'produce . . . evidence that they were similarly situated employees.'" *Esparaza v. Advanced Network Mgmt., Inc.*, 688 F. Supp. 3d 505, 518 (W.D. Tex. 2023) (quoting *Owens v. Circassia Pharmaceuticals, Inc.*, 33 F.4th 814, 827 (5th Cir. 2022)). Plaintiff does not specify a comparator or individuals who might be similarly situated employees, instead making a universal request for *all* documents. The Motion is therefore **DENIED** as to RFP No. 4.

    iv. **Request for Production 6**

Through RFP No. 6, Plaintiff seeks the production of "All trailer inspections, loadings sheets, and responses produced by the safety department to address any report made by an employee, in addition to the report(s) that caused the response(s), date range to produce: September 1, 2017 – December 31, 2022." ECF No. 125 at 8. At the parties' May 19, 2025 conferral, Plaintiff alleged "he made written reports of 'trailers that were dangerous' or had 'defective wheels.'" *Id.*

In his motion, Plaintiff urges that trailer inspections "would have indicated that he was the only members of the Northbound Cross dock and later the Foxconn Department regularly doing inspections." ECF No. 122 at 5. He also highlights that the loading sheets "when compared to those preceding Shannon's tenure would have shown a 45-55% decrease in load times across the Northbound Cross dock Cisco Southbound, and Foxconn departments due to management's implementation of Shannon's loading techniques across the three departments." *Id.* at 5-6. Then, Plaintiff argues that he made "about three safety reports that he believes protected Omni employees and the public from injury by Omni vehicles and saved Omni from potential liability due to injury or loss of life claims. [Finally, he argues that t]his contradicts Omni's poor job performance argument used in its termination of Shannon." *Id.* at 6.

Defendant objected based on its previous objection "that such request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this litigation. Even if redacted, the request is harassing as it has no bearing on the claims or defenses in this litigation. Records of reports of safety hazards have no bearing on the same." *Id.*

Here, Plaintiff fails to demonstrate that RFP No. 6 is within the scope of permissible discovery. Plaintiff does not demonstrate how RFP No. 6 is relevant or proportional to the needs of the case under Federal Rule of Civil Procedure 26 and therefore fails to meet his burden. The Motion is therefore **DENIED** as to RFP No. 6.

v. **Request for Production 8**

Through RFP No. 8, Plaintiff seeks the production of "All documents signed by any member of the Foxconn Department, limited to bills of lading, invoices, packing lists, checklists, loading sheets, and documentation by any name pertaining to a discrepancy, date range to produce September 1, 2018 – December 31, 2022." ECF No. 125 at 7. At the parties' May 19, 2025

conferral, Plaintiff narrowed the scope of his request to "Bills of Lading and 'trailer inspections' for the Foxconn department for the period one month prior to his termination . . . [and] suggested that Omni could redact any proprietary company information included in [those] documents, but just to include the trailer number." *Id.* Plaintiff argues that the bills of lading signed by him in his three-year tenure "could be compared to those of his coworkers and would tend to indicate if Shannon was in fact the target of discrimination in the form of excessive workload or arduous assignments." ECF No. 122 at 5.

Defendant understands this new suggested period to be September – October 2020. *Id.* Defendant objected based on its previous objection "that such request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this litigation. Even if redacted, the request is harassing as it has no bearing on the claims or defenses in this litigation." *Id.*

Here, Plaintiff fails to demonstrate that RFP No. 8 is within the scope of permissible discovery. Plaintiff does not specify a comparator or individuals who might be similarly situated employees, instead making a universal request for <u>all</u> documents. The Motion is therefore **DENIED** as to RFP No. 8.

b.  **Motion for Sanctions for Spoliation**

Plaintiff alleges "spoliation of evidence by Omni and in the alternate intentionally withholding of responsive discovery materials in violation of Fed. R. Civ. P. ("F.R.C.P.") Rule 37 (e)" and urges the Court to grant him default judgment. ECF No. 122 at 4, 8. Plaintiff argues that by failing to produce the RFPs, Defendant violated Fed. R. Civ. P. 34 by denying him irreplaceable evidence that would support his litigation. *Id.* at 5. However, nowhere in Plaintiff's Motion is there any allegation that Defendant illegally destroyed any evidence. Instead, there are allegations that

13

Defendant withheld evidence from Plaintiff. Moreover, there is no argument that Defendant destroyed evidence with a culpable state of mind. Plaintiff also fails to demonstrate how the evidence he seeks would support his claims such that the alleged spoliation would have resulted in prejudice to him.

Throughout Plaintiff's Motion and supporting exhibits, Plaintiff does not allege Defendant engaged in any bad faith behavior. As discussed above, Defendant did not have a duty to preserve evidence, including videos and recordings of its facilities until Plaintiff filed its EEOC charge on March 5, 2021, several months after the end of their repository storage period. *See* ECF No. 125 at 8-9. Therefore, by deleting their digital repository ninety days after the Plaintiff's last day of employment, Defendant did not destroy evidence in bad faith. Accordingly, under Fed. R. Civ. P. 37(e), Plaintiff has not met its burden for sanctions as he has not established that there was ESI that should have been preserved.

Plaintiff attempts to argue that sanctions are warranted under the Fifth Circuit's *Conner* factors[2] are inapposite. *Id.* at 8; *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). *Conner* factors are only appropriate where a court has issued a discovery order. *Conner*, 20 F.3d at 1380 ("we have articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order."). Here, there has been no discovery order issued by the Court.

---

[2] In the Fifth Circuit, several factors, commonly called "*Conner* factors," must be present before a district court may dismiss a case as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990); *see also Coane*, 898 F.2d at 1032 (citing *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744 (5th Cir. 1987)).

Finally, Plaintiff had until November 19, 2025 to show cause for failing to attend the Court's hearing on this motion set for November 6, 2025. ECF Nos. 134, 139. The Court received a certified mail delivery receipt of the Order to Show Cause (ECF No. 139) signed by Plaintiff on November 13, 2025. ECF No. 141. As of the date of this order, the Court has not received any filing from Plaintiff. Plaintiff is hereby **ADMONISHED** that the Court may dismiss an action for failure to comply with any court orders. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41 (b)); *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Therefore, Plaintiff's Motion as to Sanctions is **DENIED.**

## IV.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **DENIED.**

**SIGNED** and **ENTERED** this 21st day of November, 2025.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE